IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DAVID ANDREWS,<br>as Trustee and Executor of the<br>Estate of FRANK J. ANDREWS,<br>deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) No. 20-641T |
| v. | ) Filed: May 12, 2021 |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff David Andrews, in his capacity as executor and trustee, seeks a refund of late-filing and late-payment penalties plus interest assessed by the Internal Revenue Service ("IRS") against the Estate of Frank J. Andrews. Before the Court is the Government's Motion to Dismiss Plaintiff's action under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for failure to state a claim upon which relief can be granted. For the reasons discussed below, Plaintiff's Complaint fails to state facts sufficient to survive the Government's Motion. Consequently, the Motion is **GRANTED**.

### I. BACKGROUND

    **A.**    **Statutory and Regulatory Background**

An estate tax return, if required to be filed, is due within nine months of the death of a decedent and must be filed on IRS Form 706 "United States Estate (and Generation-Skipping Transfer) Tax Return" ("Form 706"). 26 U.S.C. § 6075(a); 26 C.F.R. §§ 20.6018-1(a), 20.6075-1. The IRS allows a one-time automatic six-month extension of time to file an estate return if an executor files IRS Form 4768 "Application for Extension of Time to File a Return and/or Pay U.S.

Estate (and Generation-Skipping Transfer) Taxes" ("Form 4768") by the deadline for filing a return. 26 C.F.R. § 20.6081-1(b).

Payment of the estate tax also is required within nine months of the decedent's death, absent an extension. 26 U.S.C. § 6151(a); 26 C.F.R. § 20.6151-1(a). The filing of a Form 4768 does not automatically extend the payment deadline. 26 C.F.R. § 20.6081-1(e). Rather, the IRS, at its discretion, may grant a payment extension of up to 12 months if the extension request is based on reasonable cause. 26 U.S.C. § 6161(a); 26 C.F.R. § 20.6161-1(a)(1) & (2). If the IRS finds that requiring the estate to make a tax payment on the due date would cause undue hardship, it may grant extensions for periods of up to one year each, with the total periods granted not to exceed ten years. 26 C.F.R. § 20.6161-1(a)(2)(i). Any request for an extension of time to pay the estate tax must be made in writing, specifying the length of the requested extension and including a declaration made under penalty of perjury. *Id.* § 20.6161(b).

Because "[o]ur system . . . simply cannot work on any basis other than one of strict filing standards," *United States v. Boyle*, 469 U.S. 241, 249 (1985), failure to file an estate return or pay estate tax by the relevant deadlines results in the imposition of penalties, 26 U.S.C. § 6651(a)(1) & (2). For late filing of a return, the IRS imposes a penalty of five percent of the tax amount owed if the failure to file exceeds one month, with an additional five percent added for any additional month (or fraction of a month) that the failure to file continues. *Id.* § 6651(a)(1). Late payment results in a penalty of one-half percent of the tax owed if the failure to pay is for not more than one month, with one-half percent being added to each additional month (or fraction of a month). *Id.* § 6651(a)(2). For both late filing and late payment, penalties are capped at 25 percent in the aggregate, *id.* § 6651(a)(1) & (2), and if both penalties apply to any month or fraction of a month, the IRS reduces the late-filing penalty by the amount of the late-payment penalty, *id.* § 6651(c)(1).

A taxpayer can avoid penalties by showing that the late filing or payment was "due to reasonable cause and not due to willful neglect." *Id.* § 6651(a)(1); *see id.* § 6651(a)(2). The reasonable cause standard requires a taxpayer to show, for late filing, that he "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time" and, for late payment, that "he exercised ordinary business care and prudence . . . and was nevertheless either unable to pay the tax or would suffer from undue hardship if he paid on the due date." 26 C.F.R. § 301.6651-1(c)(1).

### B. Factual Background

Plaintiff is the executor of the Estate of Frank J. Andrews, who died on August 8, 2015. Pl.'s Compl. ¶¶ 3, 6, ECF No. 7 (redacted public version). Accordingly, Plaintiff alleges that he was obligated to file a Form 706 by no later than May 8, 2016[1] (nine months after the decedent's death) or to timely apply for an extension of that deadline. *Id.* ¶ 6; *see* 26 C.F.R. § 20.6075-1.

To assist in preparing the Form 706, Plaintiff employed an estate planning law firm. ECF No. 7 ¶ 6. Plaintiff alleges that, due to the amount of real property in the estate and the difficulties associated with converting that property to cash, his attorney ("Attorney") advised him to file a Form 4768 applying for the automatic six-month extension provided by the IRS regulations. ECF No. 7 at 26–27 (Ex. E). According to Plaintiff, Attorney assured him that "the automatic extension ordinarily afforded by Form 4768" ensured that "no return and no liability would be due until the extended due date of November 8, 2016." ECF No. 7 ¶ 8. Consequently, Plaintiff authorized Attorney to apply for the extension. ECF No. 7 at 27 (Ex. E). Plaintiff contends, however, that

---

[1] The Complaint identifies the original deadline as May 8, 2016. ECF No. 7 ¶ 6. As the Government notes, because that day fell on a Sunday, the Form 706 and payment of the estate tax were due on Monday May 9, 2016. *See* Mot. of the U.S. to Dismiss Compl. at 4 (citing, *inter alia*, 26 C.F.R. § 20.6075-1), ECF No. 13.

3

Attorney failed to file the Form 4768 due to a computer calendaring error that failed to generate the correct due date for the form. ECF No. 7 ¶ 7.

Plaintiff alleges that on or around July 12, 2016 Attorney realized she had not applied for the extension. *Id.* ¶ 8. After discovering the error, Attorney completed and filed the estate's Form 706 return on August 3, 2016, reporting tax due of approximately $3 million. *Id.* ¶ 9; *see* ECF No. 7 at 9 (Ex. A). Because of the illiquidity of its assets, the estate did not make a tax payment at that time. ECF No. 7 ¶ 9.

On September 26, 2016, the IRS assessed against the estate a late-filing penalty in the amount of $409,361.31, a late-payment penalty in the amount of $75,807.65, and interest of $53,443.32. *Id.* ¶¶ 11, 19; *see* ECF No. 7 at 12 (Ex. B). About a month later, the IRS assessed an additional late-payment penalty of $15,161.53 and interest of $13,684.66. ECF No. 7 ¶ 11; *see* ECF No. 7 at 17 (Ex. C). The estate made a tax payment of $3.3 million on November 7, 2016. ECF No. 7 ¶ 13; *see* ECF No. 7 at 23–24 (Ex. D). The estate has since fully paid all tax owed, as well as all penalties and interest assessed against it with respect to its Form 706. ECF No. 7 at 59–60 (Ex. J).

In December 2018, Plaintiff filed with the IRS an IRS Form 843 "Claim for Refund and Request for Abatement" ("Form 843"). ECF No. 7 ¶ 18; *see* ECF No. 7 at 48 (Ex. I). Plaintiff contends that the IRS informed him in September 2019 that it had no record of the refund claim. ECF No. 7 ¶ 19. He asserts that, on January 30, 2020, more than one year later and following two resubmissions of the Form 843, the IRS notified Plaintiff that it had received the original December 2018 Form 843 but had not yet assigned it for review. *Id.* ¶¶ 21–22. As of the date of filing the Complaint, Plaintiff alleges that the IRS had not addressed the estate's Form 843 nor issued a formal notice of claim disallowance. *Id.* ¶ 23.

## C. Procedural History

Plaintiff filed suit in this Court on May 26, 2020, seeking a refund of the late-filing penalties, late-payment penalties, and interest on those penalties. ECF No. 7, Prayer for Relief ¶ 1. Plaintiff claims that he acted reasonably by retaining the services of a legal adviser to help prepare the estate's Form 706 and relying on Attorney's "assurance and advice" that, with the automatic six-month extension, the estate return and tax payment would be due on November 8, 2016. ECF No. 7 ¶ 24. Plaintiff alleges that he did not delegate to Attorney the duty to file the estate return and that the untimely filing of the return was not the result of "ministerial failure . . . forgetfulness, or clerical error." *Id.* ¶ 24(e). Accordingly, he claims that the IRS improperly, illegally, and erroneously assessed penalties and interest against the estate. *Id.* ¶ 25.

On October 16, 2020, the Government moved to dismiss Plaintiff's claims pursuant to RCFC 12(b)(6). In its motion, the Government attributes Plaintiff's failure to timely file the estate return and pay the estate tax not to the erroneous advice of Attorney, but to Plaintiff's alleged delegation to Attorney the duty to apply for the automatic extension. *See* Mot. of U.S. to Dismiss Compl. at 8, ECF No. 13. The Government argues that, based on the facts pled in the Complaint, the Supreme Court's holding in *Boyle* precludes a finding that the estate's untimely return and tax payment was due to reasonable cause. *Id.* at 8–14;[2] *see* U.S.'s Reply to Pl.'s Opp'n to Mot. of U.S. to Dismiss Compl. at 5–8, ECF No. 17.

Plaintiff takes the opposite view. He argues that this case is not about delegation, and as such *Boyle* does not require dismissal. Pl.'s Opp'n Br. at 10–11, ECF No. 14. Rather, Plaintiff

---

[2] The Government does not allege that Plaintiff willfully neglected or intentionally failed to timely file the estate return and tax payment. Accordingly, this opinion will address only whether Plaintiff has alleged facts sufficient to demonstrate "reasonable cause" to avoid imposition of penalties.

alleges that he justifiably relied on Attorney's advice with respect to the due date of the estate return and tax payment, and that reliance on erroneous advice regarding the due date can constitute reasonable cause. *Id.* at 11–13. He further argues that whether Attorney's advice was objectively reasonable (which he claims it was) is a question of fact that should be addressed at the merits stage. *Id.* at 13–14.

## II. STANDARD OF REVIEW

The Government moves to dismiss Plaintiff's action under RCFC 12(b)(6) for failure to state a claim.[3] Dismissal under RCFC 12(b)(6) "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To survive dismissal, Plaintiff's Complaint must allege facts "plausibly suggesting" his entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.").

When reviewing a Rule 12(b)(6) motion, the court "assume[s] all well-pled factual allegations are true" and makes "all reasonable inferences in favor of the nonmovant." *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed. Cir. 2006). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[3] Although the Government did not move to dismiss for lack of jurisdiction, the Court has, as it must, considered and determined that subject matter jurisdiction exists. *See St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also* RCFC 12(h)(3). In a tax refund case, the Court possesses jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a), subject to certain other statutory limitations, which require that a taxpayer first file an administrative claim for refund with the IRS, 26 U.S.C. § 7422(a), and either receive a decision on the claim or wait six-months with no decision, *id.* § 6532(a)(1). Typically, the taxpayer also must have paid the disputed tax in full. *See Larson v. United States*, 89 Fed. Cl. 363, 383–84 (2009) (citing *Flora v. United States*, 357 U.S. 63, 72–73 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960)). Plaintiff has alleged facts demonstrating these jurisdictional requirements. *See* ECF No. 7 ¶¶ 18, 22–23, 26.

6

suffice" to shield a complaint from dismissal. *Iqbal*, 556 U.S. at 678. A court is likewise "not bound to accept as true a legal conclusion couched as a factual allegation." *Acceptance Ins. Co. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (internal quotation marks and citation omitted). "[A]llegations that contradict matters properly subject to judicial notice or by exhibit" also need not be accepted as true. *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017).

To determine whether a plaintiff's allegations sufficiently state a claim for relief, "a court 'must consider the complaint in its entirety, . . . in particular, documents incorporated into the complaint by reference.'" *Rocky Mountain Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see* RCFC 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). As such, "the Court may consider any written instrument that is attached to the complaint as an exhibit without converting the motion to dismiss under RCFC 12(b)(6) into a motion for summary judgment." *Frazier v. United States*, 67 Fed. Cl. 56, 59 (2005).

### III. DISCUSSION

The parties disagree as to the central dispute in this action. The Government contends that Plaintiff delegated responsibility to Attorney to file the Form 4768, and his reliance on Attorney to carry out that task is insufficient to show reasonable cause for missing the estate's filing and payment deadline. ECF No. 13 at 7. Plaintiff rejects this categorization, instead classifying the underlying events as a clear case of taxpayer reliance on erroneous legal advice as to the proper due date. ECF No. 14 at 10. Considering the Complaint in its entirety, the Court agrees with the Government that the facts pled by Plaintiff cannot, as a matter of law, demonstrate reasonable cause for avoiding the penalties at issue.

### A. Plaintiff Had a Nondelegable Duty to Timely File the Estate's Return and Pay the Estate Tax, or to Timely Seek an Extension.

Despite their disputes, the parties appear to agree on one well-established rule material to this case—*i.e.*, a taxpayer has a nondelegable duty to comply with his tax obligations. As the Supreme Court explained in *Boyle*: "Congress has placed the burden of prompt filing on the [taxpayer], not on some agent or employee of the [taxpayer]. . . . [It] intended to place upon the taxpayer an obligation to ascertain the statutory deadline and then to meet that deadline, except in a very narrow range of situations." 469 U.S. at 249–50. In *Boyle*, the plaintiff, as executor of his mother's estate, contracted an attorney to assist in preparing and filing the estate's tax return. *Id.* at 242. Over the course of several months, the plaintiff contacted his attorney multiple times to check on the status of the return and was promised that the attorney would notify him of the applicable deadline and would file the return on time. *See id.* at 242–43. After the return was already overdue, the plaintiff learned that the attorney had missed the filing deadline due to a calendaring error. *Id.* at 243. The IRS subsequently imposed a penalty, and the plaintiff sued for a refund on the ground that reliance on his attorney to file the return constituted reasonable cause. *Id.* at 244.

*Boyle* held that, while hiring a tax professional to assist in preparing a tax filing is "an exercise of . . . 'ordinary business care and prudence,'" *id.* at 250 (citation omitted), "failure to make a timely filing of a tax return is not excused by [a] taxpayer's reliance on an agent," *id.* at 252. In reaching this conclusion, the Court distinguished the circumstance in which a taxpayer relies on the mistaken advice of counsel concerning a question of tax law, which courts have held can constitute reasonable cause. *Id.* at 250. By contrast, in the context of determining and meeting unambiguous statutory deadlines, the Court reasoned that "one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due." *Id.*

8

at 251. The plaintiff in *Boyle* had thus not met his "heavy burden of proving... reasonable cause." *Id.* at 245.

In keeping with *Boyle*, multiple courts have held that delegation of ministerial tasks, such as filing a tax return or remitting a tax payment, does not absolve the taxpayer of his duty to comply with the statutory deadlines and thus cannot support a finding of reasonable cause. *See, e.g.*, *McMahan v. Comm'r*, 114 F.3d 366, 369 (2d Cir. 1997); *All Stacked Up Masonry, Inc. v. United States*, 150 Fed. Cl. 540, 549 (2020); *Rossman v. United States*, No. 11-139T, 2012 WL 726687, at *2–3 (Fed. Cl. Feb. 13, 2012). Judges of this court have repeatedly reaffirmed that the duty of timely filing cannot be delegated. *See, e.g.*, *Baer v. United States*, 150 Fed. Cl. 761, 767 (2020) ("the taxpayer himself has a personal, non-delegable duty to file a tax return" by the statutory deadline); *All Stacked Up Masonry*, 150 Fed. Cl. at 548 ("[I]t is well-established that a taxpayer's duties to comply with the tax code are nondelegable as a matter of law."); *Carmean v. United States*, 4 Cl. Ct. 181, 185 (1983) (taxpayer had a "personal duty . . . to see that the return was timely filed and that . . . duty was non-delegable").

Though *Boyle* specifically addressed the filing of a tax return, the task of filing an application for an extension of the return and payment deadline is "equally nondelegable." *Knappe v. United States*, 713 F.3d 1164, 1174 (9th Cir. 2013); *see Baer*, 150 Fed. Cl. at 767 (holding that the plaintiff had a nondelegable duty to file Form 4768). As the Second Circuit has noted, "it would be anomalous to excuse a late return where the taxpayer asked his agent to file an extension request but not excuse a late return where the taxpayer asked his agent to file a return." *McMahan*, 114 F.3d at 369.

As such, Plaintiff retained a nondelegable duty to timely seek an extension of the estate's return and payment deadlines by filing a Form 4768. This duty was "fixed and clear," *Boyle*, 469

9

U.S. at 249, and hiring Attorney to assist with preparing the tax return, including filing any extension application, did not relieve him of that duty.

    **B.    Plaintiff's Complaint Does Not Allege Facts Sufficient to Support Reasonable Cause.**

Since Plaintiff had a nondelegable duty to timely file the Form 4768, the Court must determine whether the facts alleged show that the estate's late filing resulted from Plaintiff's delegation of his duty to Attorney. The Government argues that this case falls within the purview of *Boyle* and subsequent cases applying *Boyle*'s reasoning to late-filed extension applications. *See* ECF No. 13 at 13–14; *see also* ECF No. 17 at 5. It contends that Plaintiff authorized and relied upon Attorney to apply for an extension of the return and tax payment deadline, which Plaintiff ultimately missed because Attorney failed to carry out the task. *See* ECF No. 13 at 13; *see also* ECF No. 17 at 6. The Government claims that, under *Boyle*, these circumstances cannot, as a matter of law, demonstrate reasonable cause. *See* ECF No. 13 at 16; *see also* ECF No. 17 at 5–7.

In opposition, Plaintiff argues that this case "does not turn on a delegation of duty," ECF No. 14 at 10, putting the current dispute outside of *Boyle*'s reach. *See id.* at 13. He contends that, unlike the plaintiff in *Boyle* who "relied completely on his attorney to actually file the estate tax return," *id.*, Plaintiff actively sought out and obtained Attorney's advice regarding the tax return filing deadline, *id.* at 10, 13. Plaintiff claims that this demonstrates he did not delegate his duty. *Id.* In a footnote, Plaintiff also asserts that the nine-month estate return deadline is unlike the familiar April 15 individual income tax deadline, hinting that ascertaining the due date of an estate return might fall beyond the competencies of the lay person. *See id.* at 10 n.1. Extension deadlines, he contends, are even less familiar to the average taxpayer. *Id.*

The Court agrees with the Government: this case fits neatly within *Boyle*'s ambit. As in *Boyle*, the Complaint alleges that Plaintiff hired Attorney to assist with preparing the estate's Form

706. ECF No. 7 ¶ 6. Before the original deadline, Plaintiff and Attorney discussed the need to obtain a six-month extension. ECF No. 7 at 26 (Ex. E). Attorney informed Plaintiff that "no return and no liability would be due" until the November 8, 2016 deadline because of "the automatic extension ordinarily afforded by the Form 4768." ECF No. 7 ¶ 8; *see* ECF No. 7 at 26–27 (Ex. E). Although Plaintiff alleges that he did not delegate his duty to file the Form 706, *see* ECF No. 7 ¶ 24(e), the Complaint attaches and incorporates by reference documents containing facts to the contrary. Indeed, as Attorney explained in a letter to the IRS, "I advised the [Plaintiff] to apply for an automatic 6-month extension and that the extended due date would be November 8, 2016. *[Plaintiff] authorized me to apply for a 6-month extension* and confirmed his understanding that the extended due date would be November 8, 2016." ECF No. 7 at 26–27 (Ex. E) (emphasis added). Plaintiff does not allege in the Complaint that he took any further action to secure the timely filing of the Form 4768.

Accordingly, the Court need not accept as true Plaintiff's conclusory allegation that he did not delegate his nondelegable duty to Attorney. *See Acceptance Ins. Co.*, 583 F.3d at 853. The facts pled or otherwise incorporated into Plaintiff's Complaint show that he did. *See Secured Mail Sols.*, 873 F.3d at 913; *see also Rocky Mountain Helium*, 841 F.3d at 1326 ("[W]hen a disparity exists between the written instrument annexed to the pleadings and the allegations in the pleadings, the terms of the written instrument will control, particularly when it is the instrument being relied upon by the party who made it an exhibit."). This is, therefore, a situation where "a taxpayer relies on an agent for the ministerial task of filing or paying," *see Estate of Thouron v. United States*, 752 F.3d 311, 314 (3d Cir. 2014), and the conclusion that *Boyle* applies directly to Plaintiff's case is inescapable.

Plaintiff's arguments to the contrary fail. First, the fact that Plaintiff sought out and obtained Attorney's advice with respect to the availability of an extension and the date of the extended deadline does not negate the fact that he thereafter authorized (*i.e.*, delegated his duty to) Attorney to prepare and file the extension application. *See* ECF No. 14 at 10, 13. As discussed below, the "relevant reliance" here was on Attorney to timely complete the task of filing the Form 4768, and Plaintiff had a duty to personally ensure that the estate's tax forms were filed on time. *See Estate of Thouron*, 752 F.3d at 315 ("the relevant 'reliance on an agent' [in *Boyle*] was for the administrative act of filing the return") (citation omitted). Second, *Boyle* addressed and rejected Plaintiff's intimation regarding the complexity of estate tax return and extension deadlines. *See* ECF No. 14 at 10 n.1. As the Supreme Court explained, "Congress has charged the [estate's] executor with an unambiguous, precisely defined duty to file the return within nine months," and "[i]t requires no special training or effort to ascertain a deadline and make sure that it is met." *Boyle*, 469 U.S. at 249, 252. Even if the nine-month filing period and six-month extension are lesser known than other tax dates, they are not so unknowable as to excuse Plaintiff's default. *See id.* at 252 ("reliance cannot function as a substitute for compliance with an unambiguous statute," *id.* at 241); *see also Knappe*, 713 F.3d at 1173–75.

Accordingly, based on the well-pled facts in the Complaint, including the materials submitted as exhibits, the Court concludes that Plaintiff's reliance on Attorney to file the Form 4768 prevents a finding of reasonable cause.

**C.     This Case Does Not Fall in the Category of Cases Addressing Erroneous Advice.**

On those same well-pled facts, the Court rejects the argument that Plaintiff's default was the result of erroneous advice. The thrust of Plaintiff's argument is that by Attorney advising Plaintiff that no return or payment would be due until the November 8, 2016 extended deadline,

and then failing to file the Form 4768 that would have allowed for the extension, she inadvertently gave erroneous advice. ECF No. 14 at 5, 13. As such, he claims this case falls into a category of cases not addressed by *Boyle*, in which courts have found reasonable cause. *Id*. at 11–13 (citing, inter alia, *Estate of Thouron*, 752 F.3d at 314).

In *Estate of Thouron*, the Third Circuit enumerated three categories of late-filing/late-payment cases identified in *Boyle*:

> In the first category, a taxpayer relies on an agent for the ministerial task of filing or paying. *See Boyle*, 469 U.S. at 249–50. In the second, "in reliance on the advice of his [or her] accountant or attorney, the taxpayer files a return after the actual due date but within the time the adviser erroneously told him [or her] was available." *Id*. at 251 n.9. In the third, "an accountant or attorney advises a taxpayer on a matter of tax law[.]" *Id*. at 251.

752 F.3d at 314. The facts of *Boyle* fell squarely within category one. *See Boyle*, 469 U.S. at 250. *Boyle* also recognized category three (by contrasting it with *Boyle*'s case) and suggested that reasonable cause could be found in cases involving substantive tax advice. *Id*. ("This Court also has implied that, in . . . a situation [concerning a question of law], reliance on the opinion of a tax adviser may constitute reasonable cause for failure to file a return."). *Boyle*, however, specifically did not address the second category of cases. *Boyle*, 469 U.S. at 251 n.9; *see* ECF No. 14 at 11–13. As *Boyle* noted, courts have split over whether a plaintiff can show reasonable cause in a category two case. *Boyle*, 469 U.S. at 251 n.9. In *Estate of Liftin v. United States*, 754 F.3d 975 (Fed. Cir. 2014), the Federal Circuit considered such a case and held that an executor could show reasonable cause where he relied on a tax adviser's erroneous advice as to the proper filing deadline of an estate return, if the advice on which he relied was objectively reasonable. *Id*. at 979.

To properly fall within category two, however, the error resulting in the late filing or late payment must nevertheless be grounded on actual *advice. See Baer*, 150 Fed. Cl. at 768 (rejecting argument that CPA's action of sending a completed extension form to the plaintiff without filing

13

it first constituted advice). A taxpayer relying on the assistance of a tax professional "remains liable for any ministerial acts, such as filing by the applicable deadline." *Id.* (citing *McMahan*, 114 F.3d at 369). And, as discussed, "reliance on an agent for the ministerial task of filing a tax return by the statutory deadline does not constitute reasonable cause." *McMahan*, 114 F.3d at 369.

Despite Plaintiff's insistence, this case is not one of erroneous advice. Here, the Complaint as a whole shows that Plaintiff delegated the ministerial task of filing the Form 4768 to Attorney, who failed to carry out that task due to a calendaring error. *See* ECF No. 7 ¶¶ 7-8; *see also* ECF No. 7 at 26–27 (Ex. E). Plaintiff does not allege Attorney's advice as to the deadline was otherwise incorrect. He does not claim that a six-month extension was unnecessary or unavailable, or that a six-month extension would have resulted in a different extended deadline (*i.e.*, a date other than November 8, 2016). *See id.*; *see also* ECF No. 14 at 6. According to Plaintiff, what was erroneous was Attorney's assurance that "no return and no liability would be due until the extended due date of November 8, 2016 because of the automatic extension ordinarily afforded by Form 4768." ECF No. 7 ¶¶ 8, 24(f). The critical error occurred when Attorney missed the deadline to file the Form 4768. *Id.* ¶ 7. That was a failure of action, not of advice, and one that could not have happened without Plaintiff's delegation to Attorney of his duty to apply for the extension. ECF No. 7 at 26–27 (Ex. E). Notwithstanding Plaintiff's efforts to recharacterize the alleged facts, combining correct advice related to the extension of the estate's deadlines with the failure to carry out a nondelegable duty of timely applying for the extension cannot create erroneous advice.

Although reasonable cause may not require a taxpayer to double check the substantive advice of an attorney as to the need or availability of an extension, it does require him to ensure timely application for such extension. *See Boyle*, 469 U.S. at 251; *see also Knappe*, 713 F.3d at 1174. Plaintiff did not do so here. Indeed, the distinction between action and advice is underscored

by Plaintiff's argument on this point. Plaintiff argues that requiring him to discover Attorney's failure to file before the deadline would have required that "he prepare the extension himself," thereby "defeat[ing] the very purpose of retaining competent advisors." ECF No. 14 at 14. Of course, preparing and filing tax forms by the effective deadline is a ministerial task, not a matter of advice, for which Plaintiff remained personally liable. *See Baer*, 150 Fed. Cl. at 768.

The cases Plaintiff cites in support of his erroneous-advice argument involve reliance on actual advice, not delegation of a ministerial task, and are thus inapposite. For example, in *Estate of Thouron*, the plaintiff missed the tax payment deadline because his attorney erroneously advised that he could defer payment under 26 U.S.C. § 6166, causing him to file a payment extension request months after it was due. 752 F.3d at 313. Similarly, in *Estate of La Meres v. Commissioner*, 98 T.C. 294 (1992), an attorney wrongly told the plaintiff that an additional six-month extension of time to file the estate return was available, causing her to file the return upon the conclusion of an invalid second extension. *Id.* at 305. In *Sanderling, Inc. v. Commissioner*, 571 F.2d 174 (3d Cir. 1978), a corporation relied on its accountant's advice as to the due date of its tax return, which the accountant filed the day before he believed it was due, when in fact an earlier deadline applied because of the company's dissolution proceedings. *Id.* at 178. The court concluded that reliance on the attorney's erroneous advice was reasonable because the deadline was not "readily determinable" and the IRS itself had difficulty identifying the correct due date. *Id.* In *Estate of Liftin*, the plaintiff filed an estate return 23 months after the extended due date based on the advice of his attorney that "late filing in order to allow [the decedent's widow] to become a naturalized United States citizen and for other ancillary matters to be completed not only

15

was permissible but would not trigger a penalty." 101 Fed. Cl. at 608. The court held that such allegation was sufficient to survive a motion for judgment on the pleadings.[4] *Id.*

Unlike here, the plaintiffs in these cases each relied on advice based on erroneous interpretations of tax law and, as a result, submitted late returns or payments. *See Estate of Thouron*, 752 F.3d at 316; *Sanderling*, 571 F.2d at 178; *Estate of La Meres*, 98 T.C. at 314–15; *Estate of Liftin*, 101 Fed. Cl. at 608. And, with the exception of *Sanderling*, the plaintiffs personally filed their returns or extensions rather than authorizing their advisers to perform the task. *See Estate of Thouron*, 752 F.3d at 313; *Estate of La Meres*, 98 T.C. at 305; *Estate of Liftin*, 101 Fed. Cl. at 608. None of these cases involved an adviser correctly advising the plaintiff about a tax deadline, which the adviser subsequently missed due to a clerical error.

Although Plaintiff does not press the issue, the Government points out that there may have been one aspect of Attorney's advice that was mistaken. *See* ECF No. 13 at 16 n.5. Specifically, Attorney may have assured Plaintiff that filing the Form 4768 would automatically extend the payment deadline, in addition to the filing deadline, to November 8, 2016. *See* ECF No. 7 ¶ 8; *see also* ECF No. 7 at 26 (Ex. E). In fact, an extension of the payment deadline is not automatically provided, but rather is granted at the IRS's discretion for a period, or successive periods, of up to 12 months. 26 U.S.C. § 6161(a); 26 C.F.R. §§ 20.6081-1(e), 20.6161-1(a)(1). For the same reason, however, such erroneous advice cannot alone state a claim for relief. Reasonable cause based on erroneous advice requires that reliance on the advice caused the filing or payment to be late. *See*

---

[4] The court later determined on cross-motions for summary judgment that while the estate had reasonable cause for relying on the attorney's advice as to decedent's widow's naturalization, it could not show reasonable cause for the subsequent nine-month delay of filing until all "ancillary matters" were concluded. *See Estate of Liftin v. United States*, 111 Fed. Cl. 13, 22–23 (2013). On appeal, the Federal Circuit affirmed the grant of summary judgment, holding that the estate's reliance on the attorney's advice as to ancillary matters was based on an assumption that was "not legally reasonable." *Estate of Liftin*, 754 F.3d at 979.

16

*Estate of La Meres*, 98 T.C. at 318 ("If, as a direct result of reliance on . . . advice, the taxpayer fails to meet its filing obligation, the taxpayer should not be held liable for the addition to tax under section 6651(a)(1)."). Plaintiff did not miss the payment deadline due to Attorney's incorrect advice. He missed it because he delegated to Attorney his nondelegable duty to timely seek an extension, a task Attorney never carried out. ECF No. 7 ¶ 7; *see* ECF No. 7 at 26–27 (Ex. E).

Consequently, Plaintiff has not alleged facts showing that the estate's untimely filing and payment was the result of reliance on erroneous advice, as opposed to his reliance on Attorney to file the Form 4768. Because erroneous advice cannot provide reasonable cause in the instant case, there is no need for the Court to address the objective reasonableness of Attorney's advice.

## IV. CONCLUSION

Accepting as true the Complaint's well-pled factual allegations, including facts contained in the materials attached to the Complaint, the Court holds that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff had a nondelegable duty to timely file and pay estate taxes or, alternatively, to timely seek an extension. The facts provided in the Complaint as a whole show that (a) Plaintiff authorized Attorney to personally prepare and file the Form 4768 extension application, and (b) the Attorney's failure to file that form was the result of a clerical mistake, not erroneous advice. As a matter of law, such reliance on Attorney to perform a ministerial task is not reasonable cause for the estate's late return and late payment. Accordingly, Plaintiff does not state a claim for entitlement to a refund of the penalties and interest assessed against the estate.

For these reasons, the Court **GRANTS** the Government's Motion to Dismiss. Plaintiff's Complaint is **DISMISSED** pursuant to RCFC 12(b)(6). The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: May 12, 2021                             */s/ Kathryn C. Davis*
                                                KATHRYN C. DAVIS
                                                Judge